IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| IDEARC MEDIA CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No. 1:07-396 |
| | ) | |
| RELIABLE 24 HOUR PLUMBING | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff Idearc Media
Corp.'s ("Idearc") Motion to Dismiss Defendant/Counterclaimants
Reliable 24 Hour Plumbing Services, Inc., Rueben Bejjani and Leo
Habib Bejjani's ("Reliable Defendants") Counterclaims.[1]  This
case concerns Plaintiff Idearc's breach of contract claim against
the Reliable Defendants seeking $270,919.75 for failure to pay
for directory advertising services and Defendants' counterclaims
for breach of contract, fraud in the inducement, failure of
consideration, negligence and gross negligence.  The issues
before this Court are: 1) whether the express terms of the

---

[1]  Defendant Reliable 24 Hour Plumbing Services, Inc. in its
opposition to the Plaintiff's Motion to Dismiss requests leave to
file an amended complaint reflecting Reliable as the only
Counterclaimant.  For the reasons stated below, Reliable's Motion
for Leave to Amend the Counterclaim is denied as moot.

1

underlying contract bar the Reliable Defendants' breach of

contract claims; 2) whether the merger clause in the contract

bars the Reliable Defendants' fraud in the inducement claims; and

3) whether the economic loss rule bars the Reliable Defendants'

counterclaims for negligence and gross negligence. The Court

grants Plaintiff's Motions to Dismiss Count I and IV of

Defendants' Counterclaims because the express terms of the

contract state that there is no guarantee of any particular page

or position for the contracted-for advertising. The Court grants

Plaintiff's Motion to Dismiss Counts II and III of Defendants'

Counterclaims because the merger clause in the contract expressly

evinces the parties intent to disclaim reliance on any alleged

representation of a promised advertisement position. The Court

grants Plaintiff's Motion to Dismiss Counts V and VI of

Defendants' Counterclaims because the Texas economic loss rule

bars the Reliable Defendants' tort claims for negligence and

gross negligence.[2]

---

[2] Defendants' fraud claims also do not survive Plaintiff's motion to dismiss because Defendants did not plead their fraud claims with particularity. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citing 5 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1297, at 590 (2d ed. 1990)). As Defendants' fraud counterclaims lack any reference to the time, place,

## I. BACKGROUND

Defendants Reliable 24 Hour Plumbing Services, Inc., Acclaimed Plumbing, Inc., f/k/a Bejjani Plumbing Inc., Reuben Bejjani, and Leo Habbib Bejjani entered into contracts with Plaintiff Idearc Media Corp., formerly Verizon Directories Corp., a directory publisher, for advertising in both the Yellow Pages and in an online directory in 2005 and 2006. The contracts entered into by the parties had provisions incorporated by reference that 1) explicitly state that purchasers are not guaranteed to have any specific page or position in the print directory, 2) limit liability for any damages related to listing to the sum of monthly charges paid by the consumer, and 3) disclaim any reliance on prior oral or written agreements regarding the advertising. The contract also includes a choice of law provision requiring the contract be governed by the law of Texas. In their answer to Plaintiff's Complaint, the Reliable Defendants concede that Defendant Reuben Bejjani signed the advertising contract acknowledging that he read the accompanying Verizon Application for Directory Advertising Terms and Conditions ("Terms and Conditions") as a corporate officer of Reliable 24 Hour Plumbing Services.

Plaintiff subsequently provided the contracted-for

---

content of the false representation, or mention of the person who made the claims, they are not sufficiently plead and consequently not properly before the Court.

advertising, but Defendants failed to pay for the services as required.   Idearc brought suit on April 20, 2007 to collect for nine months of advertising costs.   On May 16, 2007, Defendants filed a counterclaim alleging beach of contract, fraud in the inducement, rescission, failure of consideration, negligence, and gross negligence.   The general bases of Defendants' counterclaims are that Plaintiff promised Defendants a specific position in the print advertising and did not provide it, and that advertising magnets that were to be affixed to the outside of the yellow pages for Defendants were not included.   Plaintiff subsequently brought this motion to dismiss Defendants' counterclaims.

## II. DISCUSSION

### A. Standard of Review

Federal Rule 12(b)(6) permits courts to dismiss claims for "Failure to State a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).   In a recent decision, the Court held that for a complaint to survive a Rule 12(b)(6) motion, the factual allegations it includes "must be enough to raise a right to relief above the speculative level" or present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *See* FED. R. CIV. P. 12(b)(6).   In considering a Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts

4

asserted therein as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If a court determines that the plaintiff fails to state a claim, after viewing the complaint in the light most favorable to the plaintiff, the claim may be dismissed. *See Davis v. Stanford*, 382 F. Supp. 2d 814, 819 (E.D. Va. 2004).

1. Contract Terms

The Court grants Plaintiff's Motions to Dismiss Defendants' Counterclaim Count I for breach of contract and Count IV for failure of consideration because the express terms of the contract state that there is no guarantee of any particular page or position for the contracted-for advertising.[3] "Documents

---

[3]  The express terms of the contract also act as a functional bar to all of the defendants' counterclaims.  The contract limits liability for claims for "contract violations, torts (such as negligence or strict liability) or any other legal or equitable ground; any claim for lost business revenues . . .[or] any claims based on any error or omission" to "the sum of the monthly charges . . . paid for the items of advertising at issue." (Compl. Ex. 2.)  As Defendant/Counterclaimants have not paid any of the monthly charges for the advertising underlying

incorporated by reference . . . are part of the contract." *In re BANK ONE, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (citing *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex. 1968)).  The Texas Supreme Court has held that Texas law "presume[s] a party who signs a contract knows its contents." *Id.* (citing *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996)).

Defendants acknowledged that Defendant Reuben Bejjani signed the advertising contract with Idearc acknowledging receipt and agreement with the contract Terms and Conditions as a corporate officer of Reliable.  The terms and conditions expressly state that the contracting entity is not entitled to any specific page or page location for their advertisement.  Given the presumption of validity that contract provisions incorporated by reference have under Texas law, the Court need not address any factual dispute as to whether or not the Terms and Conditions were part of the contract.  *In re BANK ONE, N.A.*, 216 S.W.3d at 826.  As the Terms and Conditions of the advertising contract give Defendants no entitlement to any specific advertising position, Defendants cannot present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 127 S. Ct. at 1969.  Accordingly, the Court grants Plaintiff's Motion to Dismiss Counts I and IV of Defendants' Counterclaims.

---

this suit, they are not entitled to any recovery, the merits of their claim notwithstanding.

6

## 2. Merger Clause

The Court grants Plaintiff's Motion to Dismiss Counts II and III of Defendants' Counterclaims because the merger clause in the contract expressly evinces the parties intent to disclaim reliance on any alleged promised advertising position. "[A] release that clearly expresses the parties' intent to . . . disclaim[] reliance on representations about specific matters in dispute, can preclude a claim of fraudulent inducement." *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). "[A] fraud claim can be negated where a merger clause evinces a party's clear and unequivocal expression of intent to disclaim reliance on specific representations." *Armstrong v. American Home Shield Corp.*, 333 F.3d 566, 571 (5th Cir. 2003) (holding that a merger clause stating that the underlying contract "supercede[d] all existing agreements between [the parties], whether oral or written, with respect to the subject matter hereof" negated a fraud in the inducement claim based on representations of future business expansion).

The Terms and Conditions of the contract explicitly state that the contract itself supercedes any prior verbal or written agreements concerning the advertising, and that Idearc did not guarantee any specific advertising position for Defendants' entry. Where the Terms and Conditions of the contract unambiguously state that the contract does not provide for a

7

specific advertising position, "disclaim[ing] reliance on
representations about specific matters in dispute," the Reliable
Defendants are precluded from attempting to rely on some prior
oral promise that their advertising would be placed in the sixth
position under the plumbing heading.   *Schlumberger Technology
Corp.*, 959 S.W.2d at 181.  Accordingly, the Court grants
Plaintiff's Motion to Dismiss Counts II and III of Defendants'
Counterclaims.

### 3. Economic Loss Rule

The Court grants Plaintiff's Motion to Dismiss Counts V and
VI of Defendants' Counterclaims because the Texas economic loss
rule bars the Reliable Defendants' tort claims for negligence and
gross negligence.  The contractual relationship of the parties
may create duties under both contract and tort law.  *Jim Walter
Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1991) (citing
*Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d
508 (1947).  When the injury is only the economic loss to the
subject of a contract itself, the action sounds in contract
alone.  *Id.* (citing *Mid-Continent Aircraft Corp. v. Curry County
Spraying Service*, 572 S.W.2d 308, 312 (Tex. 1978)).  "[I]f the
defendant's conduct - such as failing to publish an advertisement
- would give rise to liability only because it breaches the
parties' agreement, the plaintiff's claim ordinarily sounds only
in contract."  *Southwestern Bell Telephone Co. v. Delanney*, 809

8

S.W.2d 493, 494 (Tex. 1991)(reasoning that "[i]f the defendant's conduct - such as negligently burning down a house - would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort . . .").

The Reliable Defendants allege in their counterclaims for negligence and gross-negligence that Plaintiff Idearc violated a duty of care by placing a competitor's advertisement in the allegedly contracted for sixth position, leading Defendants to sustain $800,000.00 in damages. (Answer and Counterclaim ¶¶ 35-46.) The duty that the Reliable Defendants attempt to assert arises completely from the existence of the contract. Absent some other tortious conduct that proximately caused an injury to the Reliable Defendants, they may not seek a recovery where the asserted duty arises only out of the obligations of a contract. *Southwestern Bell Telephone Co.*, 809 S.W.2d at 494.

The Reliable Defendants rely on *Posey v. Southwestern Bell Yellow Pages* for the proposition that a directory advertiser can be liable in tort for the negligent misplacement of an advertisement in addition to breach of contract. 878 S.W.2d 275 (Tex. App. 1994). Defendants' argument is without merit. In *Posey*, the court held that the defendant advertiser had potentially breached a duty above and beyond the one arising simply from the contract where the advertiser printed the name of

9

the plaintiff along with the address and contact information of a competitor in the directory.  878 S.W.2d at 279.  Defendants allege nothing in their counterclaims that rises to that level of negligence, only the failure to place their advertisement in an allegedly agreed upon position, a contention that is in stark opposition to the express terms of the contract.  As such, the Court grants Plaintiff's Motion to Dismiss Counts V and VI of Defendants' Counterclaims.

### III. CONCLUSION

The Court grants Plaintiff's Motions to Dismiss Count I and IV of Defendants' Counterclaims because the express terms of the contract state that there is no guarantee of any particular page or position for the contracted-for advertising.  The Court grants Plaintiff's Motion to Dismiss Counts II and III of Defendants' Counterclaims because the merger clause in the contract expressly evinces the parties intent to disclaim reliance on specific representations.  The Court grants Plaintiff's Motion to Dismiss Counts V and VI of Defendants' Counterclaims because the Texas economic loss rule bars the Reliable Defendants' tort claims for negligence and gross negligence.

Accordingly, it is hereby

ORDERED that Plaintiff Idearc Media Corp.'s ("Idearc") Motion to Dismiss Defendant/Counterclaimants Reliable 24 Hour Plumbing Services, Inc., Rueben Bejjani and Leo Habib Bejjani's

("Reliable Defendants") Counterclaims is GRANTED.  It is further

     ORDERED that Defendant Reliable 24 Hour Plumbing Services,

Inc.'s Motion for Leave to File an Amended Counterclaim is DENIED

as moot.

     The Clerk is directed to forward a copy of this Order to

counsel of record.

     ENTERED this _____ day of September, 2007.

                      /s/

                      Gerald Bruce Lee
                      United States District Judge
                      Gerald Bruce Lee
                      United States District Judge

Alexandria, Virginia
09/11 /07

11

/s/
Gerald Bruce Lee
United States District Judge